UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

CLYDE LOWER,

       Plaintiff,

v.

CAPITAL ONE BANK (USA) N.A.,

       Defendant.

_____

## **COMPLAINT**

Plaintiff, CLYDE LOWER ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, CAPITAL ONE BANK (USA) N.A. ("Defendant"), and states as follows:

## **INTRODUCTION**

1.     Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227 *et seq.*, and the Florida Consumer Collection Practices Act (hereinafter "FCCPA"), Fla. Stat. §559.55 *et seq.*

## **JURISDICTION AND VENUE**

2.     Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3). *See Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

1

3.      Venue is proper in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C §1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

4.      The alleged violations described in the Complaint occurred in Alachua County, Florida.

## PARTIES

5.      Plaintiff is a natural person residing in Alachua County, in the city of Gainesville, Florida and is otherwise sui juris.

6.      Defendant is a Virginia corporation doing business in the State of Florida, with its principal place of business located in McLean, Virginia.

7.      At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8.      Defendant is a "person" as defined by 47 U.S.C. §153(10).

9.      Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

11.     Plaintiff is a "consumer" as defined in Florida Statue §559.55(8).

12.     Plaintiff is an "alleged debtor".

13.     Plaintiff is the "called party". *See Breslow v. Wells Fargo Bank, N.A.,* 755 F. 3d

1625 (11th Cir.2014) and *Osorio v. State Farm Ban, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

14.     Defendant placed collection calls to Plaintiff's cellular telephone at phone number (352) 318-XXXX.

15.     Defendant placed collection calls to Plaintiff's cellular telephone from phone numbers including, but not limited to, (800) 955-6600.

16.     Upon information and belief and based on Defendant's prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

17.     Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

18.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

19.     Defendant's calls were placed to a telephone number assigned to a cellular telephone service that Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

20.     Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

21.     On or about November 7, 2017, Plaintiff called into Defendant's company at phone number (800) 955-6600 and spoke with Defendant's female representative and requested that Defendant cease calling Plaintiff's cellular telephone.

22.     During the conversation, Plaintiff gave Defendant his cellular telephone number, date of birth, and social security number to assist Defendant in accessing Plaintiff's account before asking Defendant to stop calling her cellular telephone.

23.     Plaintiff revoked any consent, explicit, implied, or otherwise, for Defendant to call Plaintiff's cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on November 7, 2017.

24.     Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on his cellular telephone on November 9, 2017.

25.     Defendant continued to place collection calls to Plaintiff after November 7, 2017.

26.     Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least fifty (50) automated calls to Plaintiff's cellular telephone.

## COUNT I - NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227

27.     Plaintiff repeats, realleges and reincorporates by reference the allegations set forth above in Paragraphs 1-26.

28.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

29.     As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

30.     Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CLYDE LOWER, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA) N.A., as follows:

    a.   Providing Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: fifty (50), for a total of twenty-five thousand dollars ($25,000.00);

    b.   Providing Plaintiff actual damages and compensatory damages according to proof at time of trial; and

    c.   Granting Plaintiff such other and further relief as may be just and proper.

## COUNT II - KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

31.    Plaintiff repeats, realleges and reincorporates by reference the allegations set forth above in Paragraphs 1-26.

32.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

33.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of fifteen hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

34.    Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CLYDE LOWER, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA) N.A., as follows:

a. Providing Plaintiff statutory damages of fifteen hundred dollars ($1,500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: fifty (50), for a total of seventy-five thousand dollars ($75,000.00);

b. Providing Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

**COUNT III -KNOWING AND/OR WILLFUL VIOLATIONS
OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
FL. STAT. § 559.55 et. seq.**

35.     Plaintiff repeats, realleges and reincorporates by reference the allegations set forth above at Paragraphs 1-26.

36.     At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute §559.72.

37.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiff or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

38.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct that can reasonably be expected to abuse or harass Plaintiff or any member of her family.

39.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff, CLYDE LOWER, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA) N.A., as follows:

a. Providing Plaintiff statutory damages of one thousand dollars ($1,000.00) pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

b.   Providing Plaintiff costs and reasonable attorneys' fees pursuant to the Florida

Consumer Collection Practices Act, Fla. Stat. §559.77(2);

c.   Providing Plaintiff actual damages and compensatory damages according to proof

at time of trial; and

d.   Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED:  May 17, 2018

Respectfully submitted by,

BY: */s/ Jason S. Weiss*
Jason S. Weiss
Jason@jswlawyer.com
Florida Bar No. 356890
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, GL 33067
Tel: (954) 573-2800
Fax (954) 573-2798
*Attorneys for Plaintiff*